**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name:  05a0649n.06
Filed:  August 3, 2005

**No. 04-3671**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| MARGIE L. SIMON, | ) | |
| | ) | |
|     Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | NORTHERN DISTRICT OF OHIO |
| NADLER, NADLER & BURDMAN | ) | |
| CO., | ) | |
| L.P.A. | ) | OPINION |
| | ) | |
|     Defendant-Appellant. | | |

_____

**Before: NORRIS and DAUGHTREY, Circuit Judges, and JORDAN, District Judge.**[*]

**PER CURIAM.**  Appellant Margie L. Simon appeals the ruling of the district court granting summary judgment to the defendant law firm, Nadler, Nadler & Burdman Co., L.P.A., on Simon's claims of legal malpractice and breach of fiduciary duty with respect to the antenuptial agreement drafted by the law firm.  Simon contends that the district court erred in finding that her claims were barred by the applicable statutes of limitations and in finding that the proximate cause of her

_____

[*] The Honorable Leon Jordan, Senior United States District Judge for the Eastern District of Tennessee, sitting by designation.

damages was her failure to read the agreement before signing it. For the reasons that follow, we affirm the judgment of the district court.

After fourteen years of marriage, Simon filed a divorce petition in the Florida courts. The antenuptial agreement she signed the day before her marriage in 1988 provided for no support in the event of a separation or divorce. The agreement had been prepared by the Nadler law firm – Mr. Burdman representing Morris Simon and Mr. Nadler representing Margie Simon. Although Simon admits that she did not read the agreement before she signed it, she did read it soon thereafter and realized that the agreement did not protect her interests in the event of a separation or divorce. In 1999 when she changed her will, she refused to use the Nadler law firm because of the way the antenuptial agreement had been negotiated. Then, in 2002 Simon filed her divorce petition and challenged the validity of the antenuptial agreement. Simon filed this federal diversity action in 2003, and a few months later the Florida court declared the agreement valid.

The first issue raised by the Nadler law firm in its motion for summary judgment is related to the accrual of Simon's legal malpractice action. Under Ohio law there is a one-year limitations period for malpractice actions, and

> an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later.

*Zimmie v. Calfee, Halter & Griswold*, 538 N.E.2d 398, 401 (Ohio 1989) (relying on Ohio Rev. Code § 2305.11(A)). Based on Simon's deposition testimony, the district court found that there was no question that Simon knew and believed in 1988 when she read the agreement that the law firm had not protected her interests in drafting the agreement and that she knew then that a questionable legal practice had occurred. *Id.* at 402. The district court further found that the plaintiff terminated the attorney-client relationship no later than 1999 when she hired another law firm to do her estate planning.[1]  Thus, even using the termination-of-representation date, Simon's malpractice action was filed too late. The district court found that Simon's breach of fiduciary duty claim was also time barred because the four-year limitations period began when the negligent act was committed, unless the claim was based on fraud. There were no allegations of fraud, and the alleged negligent act was committed in 1988 when the antenuptial agreement was negotiated, fifteen years before the federal lawsuit was filed.

In its motion for summary judgment, the Nadler law firm also argued that there was no genuine issue of material fact that the proximate cause of Simon's damages was her own failure to read the antenuptial agreement before signing it in 1988. The district court agreed and pointed out that if Simon had read the agreement before

---

[1]  Using the last day of 1999 as the day the one-year statute of limitations began to run, the district court then calculated the limitations period as ending in early January 2000, but the correct year should have been 2001. This typographical error has no relevance, however, because the plaintiff did not file this legal malpractice action until 2003.

signing, she would have discovered the offending provisions before signing the agreement and getting married.

Because the district court accurately and adequately identified the relevant case law and the reasons why summary judgment should be granted on Simon's malpractice and breach of fiduciary duty claims, the issuance of a full written opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment entered by the district court based upon the reasoning set forth in the district court's opinion filed on April 16, 2004.

4